FRANCIS v. OGDEN AND McCOMB.

If, after judgment against him, a defendant is discharged from his debts under the bankrupt law, it is irregular to issue execution on such judgments without an order for that purpose on notice : the debt is *prima facie* satisfied by the discharge.

In this case a judgment was recovered, November 9, 1831, and an execution thereon, issued into the county of Essex, returnable to the then next term, which was returned without a levy.

The defendant filed his petition to be declared a bankrupt November 21, 1842, and, being so declared, was afterwards discharged from all debts owing by him at the time of the filing of the petition, *to wit,* November 21, 1842, by decree dated November 21, 1843.

A *testatum fi. fa. de bonis et terris* was issued on the judgment into the county of Passaic, after the date of the discharge, and returnable to the term of April, 1849, which was returned with a levy on all the right, title, and interest of the defendant in certain real estate in the county of Passaic.

A rule upon the plaintiffs to show cause why the execution, levy, and return should not be set aside, was made at the term of April, 1849, on the production of a certified copy of the discharge, and was argued at the term of July, 1849.

Anonymous.

*A. C. M. Pennington,* in support of rule, *A. Gifford,* contra.

PER CURIAM. The execution was irregularly and improvidently issued. The defendant is *primâ facie* discharged from the judgment by his discharge in bankruptcy, and the execution should not have issued without an order of the court allowing it, made upon notice to the defendant of the motion rule for such order.